IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL VAN BUREN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-4510-L |
| | § | |
| GREEN TREE SERVICING LLC,[*] | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Ditech Financial LLC f/k/a Green Tree Servicing, LLC's Motion for Final Summary Judgment (Doc. 20), filed June 1, 2016. After careful consideration of the motion and brief, response and brief, reply, appendix, record, and applicable law, the court **grants** Defendant Ditech Financial LLC f/k/a Green Tree Servicing, LLC's Motion for Final Summary Judgment.

### I. Procedural and Factual Background

Plaintiff Michael Van Buren ("Plaintiff" or "Van Buren") filed this action against Defendant Ditech Financial LLC f/k/a Green Tree Servicing, LLC, ("Defendant" or "Ditech") on November 26, 2014, in the 191st Judicial District Court of Dallas County, Texas. Plaintiff['s] Original Petition ("Petition") requested a temporary restraining order to prevent Defendant from foreclosing on his real property located at 1057 Alyssa Lane, Carrolton, Texas 75006 ("the Property"), and the state court entered the temporary restraining order on December 1, 2014. On December 23, 2014, Defendant removed this action to federal court pursuant to 28 U.S.C. §

---

[*] On October 12, 2015, Defendant filed a Notice of Name Change (Doc. 12) informing the court that its name changed to Ditech Financial LLC.

**Memorandum Opinion and Order - Page 1**

1332(a), contending that there was complete diversity between the parties and the amount and controversy exceeded $75,000, excluding interest and costs. On October 12, 2015, the parties filed a Joint Motion to Abate Case "to give Plaintiff the opportunity to apply and be considered for a loan modification." Br. in Supp. of Pl.'s Resp. 5. On October 13, 2015, instead of granting the Joint Motion to Abate Case, the court administratively closed the action. "During the time the case was administratively closed, Plaintiff never submitted a loan modification application." *Id*. at 6. On April 21, 2016, Defendant moved to reopen the case, and it filed a motion for summary judgment on June 1, 2016.

Van Buren executed an Interest Only Fixed Rate Note ("Note") for $145,350 on the Property on July 30, 2007. The Note was secured by a Deed of Trust on the Property. The Note and Deed of Trust will collectively be referred to as "the Mortgage." On April 15, 2014, Defendant and the previous loan servicer, Everhome, sent Van Buren a Notice of Servicing Transfer to inform him that Defendant would be servicing his loan. Van Buren sought to modify the Mortgage after he fell behind on his payments, and he contends that Defendant promised him that he would be allowed to modify the terms of his Mortgage. Van Buren contends that while the loan was being evaluated for a modification, Defendant defaulted the Mortgage and placed the Property into foreclosure. Plaintiff further alleges that Defendant failed to indicate where he stood in the modification process and represented on multiple occasions that the Property would not be sold, and that Defendant was working to remove the Notice of Foreclosure. Plaintiff's Complaint requests a temporary restraining order to prevent the sale of the Property.

Given the paucity of the Complaint, it is unclear to the court what other remedies Plaintiff seeks besides a temporary restraining order. Defendant contends that Plaintiff does not state any

**Memorandum Opinion and Order - Page 2**

actionable claims. Defendant argues that under a liberal reading of the facts, Plaintiff may be unsuccessfully attempting to raise claims for breach of contract and violation of the Real Estate Settlement Procedures Act ("RESPA"). Defendant moves for summary judgment, contending that Van Buren has no viable cause of action and that no genuine dispute of material fact exists regarding any claim of Plaintiff.

## II. Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant

bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III. Discussion

### A. Breach of Contract Claim

Defendant contends that Van Buren may have loosely alluded to a breach of contract claim by alleging that Ditech reviewed his account and told him that he qualified for a loan modification, and then informed him of an impending foreclosure on his Property. Defendant further contends that to the extent that Plaintiff raises such a claim, there is no genuine dispute as to any material fact that it did not beach a contract. To support this argument, Defendant contends that Plaintiff fails to identify any contract with Defendant or how it was breached, and that any oral contract is prohibited by the statute of frauds. Further, Defendant contends that Plaintiff, at best, has alleged an oral agreement to modify the loan, which is barred by the statute of frauds and the loan agreement. Defendant also contends that the summary judgment evidence shows that Van Buren defaulted on his Mortgage payments and then began loan modification discussions with Defendant. Defendant contends that these discussions did not include a written modification to the loan. Moreover, Defendant contends that there is no genuine dispute that Van Buren has defaulted on the Mortgage and he has not paid all sums due and owing under the Note in full. Because Van Buren has breached the contract, Defendant contends that his breach of contract claim fails as a matter of law.

Plaintiff responds by alleging that the Petition raises a claim for breach of contract and that he is entitled for equitable relief under a theory of promissory estoppel. Plaintiff contends that his promissory estoppel relief is not barred by the statute of frauds. Plaintiff argues that he relied on Defendant's promise to permit him an opportunity to modify the Mortgage prior to foreclosure.

In reliance on this promise, Plaintiff contends that he did not sell the Property and that he lost the equity he had in the Property when Defendant refused to modify the terms of the Mortgage.

Defendant replies by reiterating that Plaintiff's breach of contract and promissory estoppel claims are not supported by the pleadings or the evidence. To the extent that he has pleaded the claims, Defendant argues that both claims fail, as Plaintiff admits in his response that he was given an opportunity to apply for a loan modification and chose not to apply. Defendant further contends that a loan modification is not guaranteed, as it is conditioned upon being approved. Defendant also contends that Plaintiff speculates that it failed to offer reasonable terms for a loan modification, as Van Buren has not presented evidence that he qualified for or received a modification. Moreover, Defendant argues that the claims are barred by the statute of frauds and Van Buren's default on the loan. The court agrees with Defendant.

The statute of frauds requires that certain classes of contracts be in writing to be enforceable. Tex. Bus. & Com. Code § 26.01. Section 26.02 of the Texas Business and Commerce Code provides that "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." *Id.* § 26.02(b). Section 26.02 defines a loan agreement as:

> one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation.

In Texas, oral modifications of a written contract subject to the statute of frauds are also subject to the statute of frauds if they materially alter the obligations imposed by the original

**Memorandum Opinion and Order - Page 6**

contract. *Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984). Thus, agreements to modify an existing loan agreement, including agreements to "delay repayment of money" and "forego or delay foreclosure" are subject to the statute of frauds. *Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (per curiam); *Deuley v. Chase Home Fin., LLC*, Civ. A. No. H 0504253, 2006 WL 1155230, at *3 (S.D. Tex. Apr. 26, 2006); *Krudop v. Bridge City State Bank*, No. 09 05 111, 2006 WL 3627078, at *4 (Tex. App.—Beaumont Dec. 14, 2006, pet. denied) ("[A]ny agreement to forego or delay foreclosure . . . would fall under the provisions of section 26.02(b), and be included under the definition of a loan agreement in section 26.02(a)(2)."). Because Plaintiff's original Note was for $145,350, an amount greater than $50,000, it is subject to the statute of frauds. Any alleged agreement to modify Plaintiff's loan or to forego foreclosure proceedings is directly contrary to and materially alters Ditech and its successor's rights under the Mortgage, and thus would also be subject to the statute of frauds. *See Montalvo v. Bank of America Corp.*, 864 F. Supp. 2d 567, 582 (W.D. Tex. 2012); *Deuley*, 2006 WL 1155230, at *3; *Krudop*, 2006 WL 3627078, at *4. The alleged oral agreement to allow Plaintiff to modify his loan, however, was never reduced to writing, and as such, it is unenforceable. *See Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 137-38 (Tex. App.—Corpus Christi 2001, no pet.).

The doctrine of promissory estoppel does not defeat a statute of frauds defense. *Maginn v. Norwest Mortg., Inc.*, 919 S.W.2d 164, 168 (Tex. App.—Austin 1996, no writ). Even if a plaintiff presents summary judgment evidence of an oral promise to modify a loan agreement, to survive summary judgment he or she would also have to present evidence that the defendant orally agreed to reduce the promise into writing. *Id.* Plaintiff's promissory estoppel claim is unavailing, as he failed to present evidence that Ditech promised to reduce its alleged oral promise into writing. The

breach of contract claim and promissory estoppel claim are barred by the statute of frauds. Accordingly, there is no genuine dispute of material fact, and Defendant is entitled to judgment as a matter of law on these claims.

### B. "Discrimination Claim"

Plaintiff contends that "Ms. Peters'[s] inconsistent testimony has provided at least issue of credibility as to whether there was some discriminatory animus towards Plaintiff." Br. in Supp. of Pl.'s Resp. 9. Defendant replies that this argument is irrelevant to this case. Specifically, Defendant argues that Ms. Peters's testimony is irrelevant, as there is not an individual involved with the case with this name. The court agrees with Defendant.

Plaintiff's Petition is devoid of any allegations, much less proof, that are even tangentially related to discrimination. Moreover, Plaintiff provides no information regarding Ms. Peters or her relationship to the case. The court has scoured the record, and nothing references a "Ms. Peters." Accordingly, to the extent Plaintiff attempts to raise a claim for discrimination, such claim fails. Plaintiff has presented no evidence related to discrimination; therefore, there is no genuine dispute of material fact related to discrimination, and Defendants are entitled to judgment as a matter of law.

### C. RESPA Claim

Plaintiff neither asserts a claim under RESPA nor alleges that he has done so. The one claim that he asserts is: "[w]hether Defendant breached its contract with Plaintiff by failing to modify the Mortgage despite making promises to do so." Br. in Supp. of Pl.'s Resp. 6. Out of an abundance of caution, Defendant addressed a potential RESPA claim as if actually alleged by Plaintiff.

No proof exists of a RESPA claim. Even if the court were to find that Van Buren has asserted a RESPA claim, the record simply does not support such claim. This is so because under 12 C.F.R. §1024.41(i), a servicer is only required to consider one loss mitigation application for a borrower's mortgage loan account. The record reflects that Defendant considered Plaintiff's loss mitigation application, denied the application, and provided him with a denial letter that stated the specific reasons for denying his loan modification request. Def.'s App. 72-79. Accordingly, there is no genuine dispute of material fact that Defendant violated RESPA, and Defendant is entitled to judgment as a matter of law.

## IV. Conclusion

For the reasons stated herein, the court **determines** that no genuine dispute of material fact exists with respect to any of Plaintiff's claims. Defendant is, therefore, entitled to judgment as a matter of law. Accordingly, the court **grants** Defendant Ditech Financial LLC f/k/a Green Tree Servicing, LLC's Motion for Final Summary Judgment (Doc. 20) and **dismisses with prejudice** this action. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 21st day of April, 2017.

Sam A. Lindsay
United States District Judge